765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PATRICIA L. PRATT, PLAINTIFF-APPELLANT,
v.
NATIONAL DISTILLERS AND CHEMICAL CORPORATION, DBA EMERY
INDUSTRIES, DEFENDANT-APPELLEE.
 NO. 84-3222
 United States Court of Appeals, Sixth Circuit.
 5/9/85
 
 ORDER
 BEFORE: ENGEL and JONES Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the summary judgment for defendant in this diversity action alleging wrongful death. On April 17, 1984, this Court entered an order suspending activity on appeal pending the Ohio Supreme Court's ruling in Gains v. Webster Manufacturing Co., Case No. 9-258 (11th App. Dist. of Ohio Jan. 8, 1984). Plaintiff now moves for sua sponte reversal of the district court's judgment based upon the Ohio Supreme Court's decision in Gains in the consolidated case entitled Jones v. VIP Development Co., 15 Ohio St.3d 90, 472 N.E.2d 1046 (1984). The appeal has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record and the parties' memoranda, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In a diversity action, the federal court must apply state law as expressed by the highest state court. Coleman v. Western Electric Co., 671 F.2d 980 (6th Cir. 1982). The district court specifically found that the Ohio Supreme Court had not ruled on the issue of whether acceptance of workers' compensation benefits precluded a tort action against the plaintiff's employer. The Ohio appellate case that the district court relied on in finding that the tort suit was barred has now been reversed by the Ohio Supreme Court. This Court must apply state law as it stands when the case is on appeal, not as it stood when the case was decided in the district court. Awrey v. Progressive Casualty Insurance Co., 728 F.2d 352 (6th Cir. 1984); see Foster v. Caterpillar Tractor Co., 714 F.2d 654 (6th Cir. 1983). It is now Ohio law that an injured employee may sue his employer for an intentional tort after accepting workers' compensation benefits for the same injury. See Jones v. VIP Development Co., supra.
 
 
 3
 Defendant argues that it is improper to sua sponte reverse without allowing it an opportunity to brief the issues. This argument is not persuasive. The only issue on appeal is whether Ohio law allows a tort action against an employer after the worker has accepted workers' compensation benefits. Defendant has had ample opportunity to address this issue and in fact has filed three memoranda in opposition to the motion. Defendant was free to fully address the issue in these memoranda.
 
 
 4
 Defendant also claims that sua sponte reversal is improper because three issues were left unresolved by the Ohio Supreme Court in Jones. These issues are estoppel, the constitutional implications of a double recover by plaintiff, and damages. Defendant can raise these issues in the district court on remand.
 
 
 5
 Therefore, it is ORDERED that plaintiff's motion for sua sponte reversal is granted to the extent that the district court's judgment is vacated and the case is remanded for further proceedings in light of Jones v. VIP Development Co., supra. Sixth Circuit Rule 9(d).